UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SKANDIA MUTUAL LIFE INSURANCE CO., LÄNSFÖRSÄKRINGAR AB, KBC ASSET MANAGEMENT NV, and GIC PRIVATE LIMITED,

         Plaintiffs,

-against-

VIATRIS INC. F/K/A MYLAN N.V., HEATHER BRESCH, RAJIV MALIK, KENNETH S. PARKS, ANTHONY MAURO, and JAMES NESTA,

         Defendants.

1:21-cv-01333

**STIPULATION AND ORDER**

WHEREAS, on February 15, 2021, Plaintiffs in the above-captioned action filed a Complaint against Defendants Viatris Inc. f/k/a Mylan N.V., Heather Bresch, Rajiv Malik, Kenneth S. Parks, Anthony Mauro and James Nesta (hereinafter collectively "Defendants");

WHEREAS, Defendants in this Action and Plaintiff's allegations in this Action overlap in substantial part with the defendants and the allegations in *In re Mylan N.V. Sec. Litig.*, No. 1:16-cv-07926 (JPO) (S.D.N.Y.) (the "Class Action")[1], *Abu Dhabi Investment Authority v. Mylan N.V.*, No. 20-v-01342 (JPO) (S.D.N.Y.) (the "Abu Dhabi Action"), *MYL Litigation Recovery I LLC*, No. 19-cv-01799 (JPO) (S.D.N.Y) (the "MLR Action")

---

[1] On April 6, 2020, this Court in the Class Action issued an Opinion and Order certifying a class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). Class Action, ECF No. 140.

(collectively, the "Coordinated Actions"), and in *In re Mylan N.V. Sec. Litig.*, No. 2:20-cv-00955 (NR) (W.D.Pa.) (the "WDPa Action");

WHEREAS, the parties in this Action agree that re-briefing the question of whether the allegations in this Action state claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") would serve neither the interest of judicial economy nor the interests of the parties insofar as those questions have already been ruled upon by the courts in the Coordinated Actions, and the WDPa Action;

WHEREAS, the parties in this Action further agree to resolve certain issues by stipulation rather than by motion;

WHEREAS, on May 30, 2017, defendants in the Class Action filed a motion to dismiss the Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);

WHEREAS, on March 28, 2018, this Court issued an opinion (the "March 2018 Opinion") in which it granted in part and denied in part the May 30, 2017 motion to dismiss the Class Action;

WHEREAS, on July 6, 2018, Class Representatives in the Class Action filed a Second Amended Class Action Complaint;

WHEREAS, on August 6, 2018, defendants in the Class Action filed a partial motion to dismiss the Second Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);

WHEREAS, on February 26, 2019, MYL Litigation Recovery I LLC filed a complaint against Defendants Mylan N.V., Mylan Inc., Heather Bresch, Paul B. Campbell, Rajiv Malik, Kenneth S. Parks and John D. Sheehan;

2

WHEREAS, on March 29, 2019, this Court issued an opinion (the "March 2019 Opinion") in which it granted in part and denied in part the August 6, 2018 partial motion to dismiss the Class Action;

WHEREAS, on June 5, 2019, defendants in the MLR Action filed a partial motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);

WHEREAS, on June 17, 2019, Class Representatives in the Class Action filed a Third Amended Class Action Complaint;

WHEREAS, on July 31, 2019, defendants in the Class Action filed a partial motion to dismiss the Third Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);

WHEREAS, on February 14, 2020, Abu Dhabi Investment Authority filed a complaint against Defendants Mylan N.V. and Mylan Inc.;

WHEREAS, on March 30, 2020, this Court issued an opinion (the "March 2020 Opinion") in which it granted in part and denied in part the June 5, 2019 partial motion to dismiss the MLR Action;

WHEREAS, on April 6, 2020, this Court issued an opinion (the "April 2020 Opinion") in which it granted in part and denied in part the July 31, 2019 partial motion to dismiss the Class Action;

WHEREAS, on May 6, 2020, the plaintiff in the MLR Action filed an Amended Complaint;

WHEREAS, on June 26, 2020, defendants in the Abu Dhabi Action filed a partial motion to dismiss the Complaint based on the statute of repose;

WHEREAS, on July 17, 2020, the Court issued an order (the "Coordination Order") coordinating discovery in the Class Action, the MLR Action and the Abu Dhabi Action;

WHEREAS, on September 10, 2020, the Court issued the Stipulated Protective Order in the Coordinated Actions;

WHEREAS, on November 13, 2020, the Lead Plaintiff in the WDPa Action filed an amended consolidated class action complaint;

WHEREAS, on January 19, 2021, defendants in the WDPa Action filed a motion to dismiss the consolidated class action complaint, which is fully briefed and pending with the Western District of Pennsylvania (the "WDPa MTD");

WHEREAS, on February 10, 2021, this Court issued an opinion (the "February 2021 Opinion") in which it granted the June 26, 2020 partial motion to dismiss the Abu Dhabi Action;

WHEREAS, on April 13, 2021, the MLR Action was dismissed with prejudice by stipulation of the parties;

WHEREAS, the parties have met and conferred regarding further proceedings in this Action;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties, through their undersigned counsel, that:

1. This case shall be fully stayed until 90 days following a final decision on the sufficiency of the pleadings in the WDPa Action including any appeals from the decision on the WDPa MTD; provided, however, that if the plaintiff in the WDPa Action indicates an intention to amend its complaint and the defendants in the WDPa Action indicate an intention to move to dismiss the amended complaint, this case shall be fully

4

stayed until 90 days following a final decision on the sufficiency of any such amended complaint including any appeals from the decision on any MTD of any such amended complaint (the "Stay Period").

2. Notwithstanding the Stay Period, Plaintiffs may amend their pleading in this Action in order to assert any new claims pled in the WDPa Action for which the statute of repose or statute of limitations would expire prior to expiration of the Stay Period. Any such amendment within the Stay Period will have no effect on the pendency of the Stay Period.

3. The Parties agree that the automatic stay of discovery pursuant to 15 U.S.C. § 78u–4(b)(3)(B) applies during the Stay Period and pending a decision on any motion to dismiss filed in this Action thereafter.

4. With respect to the issue of whether Plaintiffs' allegations in this Action state a claim or claims under §§10(b) and 20(a) of the Exchange Act, the Court's March 2018, March 2019, March 2020, April 2020 and February 2021 Opinions will apply as to all claims in this Action with equal force as if such Opinions had been issued in this Action. Notwithstanding the foregoing, Plaintiffs reserve the right to maintain in their complaint allegations regarding the generic drugs Enalapril, Budesonide DR, Buspirone Hydrochloride, Cimetidine Tablets, Diclofenac Potassium, Diltiazem HCL, Estradiol, Fluoxetine HCL, Flurbiprofen, Fluvastatin Sodium, Haloperidol, Ketoconazole, Nitrofurantoin MAC capsules, Pentoxifylline, Prazosin HCL, Prochlorperazine, Tamoxifen Citrate and Tolmetin Sodium that were the subject of the Court's April 2020 Opinion, and Defendants reserve the right to move to dismiss those allegations. The Parties expressly reserve any and all appellate rights.

5

5. The Parties agree that they will treat the Western District of Pennsylvania court's determination of the sufficiency of the pleaded claims made in the WDPa Action, including, if applicable, any decision by the Third Circuit, as if that determination had been made in this Action, while reserving rights to assert any claims or defenses unique to the Parties to the Stipulation.

6. Within 30 days of the expiration of the Stay Period, Plaintiffs in this Action must either amend or inform Defendants that they intend to proceed on the Complaint.

7. Within 45 days of the filing of an amended complaint or Plaintiffs' notice pursuant to Paragraph 6, Defendants must respond to the operative complaint in this Action.

8. Once discovery commences in this Action, the Parties agree that discovery shall be limited to the discovery of Defendants and third parties taken in the Coordinated Actions and the WDPa Action, except that (a) Plaintiffs may seek limited document discovery of Defendants concerning communications between Defendants and Plaintiffs, if any, (b) Defendants may seek discovery of Plaintiffs, and (c) Plaintiffs may seek, and Defendants will not object to Plaintiffs seeking, the third party discovery produced in the Coordinated Actions and/or the WDPa Action not produced by Defendants in this Action due to applicable protective orders. Plaintiffs also reserve the right to seek additional documents regarding any claims dismissed from the Coordinated Actions and/or the WDPa Action that survive dismissal in this Action and Defendants reserve the right to oppose any such discovery.

9. The Parties intend to execute a Stipulated Protective Order substantially in the form of that issued in the Coordinated Actions.

10. Once discovery commences in this Action, Defendants shall produce to Plaintiffs the following materials from the WDPa Action and the Coordinated Actions, except insofar as they contain materials designated by third parties that Defendants cannot produce pursuant to the applicable protective order:

- All discovery produced by Defendants and third parties (documents, Rule 26(a)(1) disclosures, and responses to interrogatories and requests for admission);
- Transcripts of all fact depositions taken by any plaintiffs in the Coordinated Actions and the WDPA Action, together with full unredacted copies of all exhibits to those depositions;
- Transcripts of all depositions of third parties taken by Defendants, together with full unredacted copies of all exhibits to those depositions; and
- Unredacted copies of all briefs and other motion papers filed (including exhibits).

11. Notwithstanding the foregoing, Plaintiffs reserve the right to seek the transcripts of all depositions taken of expert witnesses in the WDPa Action and the Coordinated Actions, together with full unredacted copies of all exhibits to those depositions, and Defendants reserve the right to oppose any such requests.

12. This Stipulation and Order is entered without prejudice to any position, claim or defense any party may assert with respect to any pleading or dispositive motion,

including but not limited to a motion to dismiss or a motion to sever or transfer Plaintiffs' claims that are substantially similar to those made in the WDPa Action.

This stipulation may be signed in counterparts and by email via PDF.

IT IS SO STIPULATED

June 25, 2021

                                KIRBY McINERNEY LLP,

                          By  /s/ Daniel Hume
                                 Daniel Hume
                                 Ira M. Press
                                 Meghan J. Summers

                              250 Park Avenue
                              Suite 820
                                New York, NY 10177
                                 (212) 371-6600

                         *Attorneys for Plaintiffs*

CRAVATH, SWAINE & MOORE LLP,

by
_____
          David R. Marriott
          Kevin J. Orsini
          Rory A. Leraris
          Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Defendants*

\*    \*    \*

**O R D E R**

IT IS SO ORDERED.

DATED: June 29, 2021
        New York, New York

_____
J. PAUL OETKEN
United States District Judge